UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALEJANDRO ZAMBRANO-LIZARDI (A# 240-325-226),<br><br>Petitioner,<br><br>v.<br><br>WARDEN CENTRAL VALLEY ANNEX DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-07614 DAD SCR<br><br>ORDER |

Petitioner is an immigration detainee who, through a next friend, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In light of the complexity of the legal issues involved, as well as the fact that Petitioner is proceeding through a next friend, the interests of justice require the appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Within seven days from the date of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to Shelly Her, Courtroom Deputy for Magistrate Judge Sean Riordan, via email at sher@caed.uscourts.gov who shall update the docket to reflect counsel's appointment. If counsel is not a member of the Eastern District of California Criminal Justice Act ("CJA") Panel, the court hereby authorizes them to serve as *pro hac vice* CJA counsel for petitioner for the duration of the proceedings in this court pursuant to Local Rule 180(b)(1) *nunc*

*pro tunc* to the date the appointing authority first contacted counsel about this appointment. If counsel is not admitted to practice before the Eastern District of California court, pursuant to 18 U.S.C. § 3006A and this District's CJA Plan, General Order 671, § XV.C.1.g as applied here, the court hereby authorizes said counsel's *pro hac vice* admission to practice before this court for the duration of the proceedings, *nunc pro tunc* to the date the appointing authority first contacted counsel about this appointment.

The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.[1] Because petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondent will be directed to show cause why the writ should not be granted by filing an answer/return. See 28 U.S.C. § 2243.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to appoint counsel (ECF No. 2) is granted.

2. Within seven days from the date of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to Shelly Her, Courtroom Deputy for Magistrate Judge Sean Riordan, via email at sher@caed.uscourts.gov who shall update the docket to reflect counsel's appointment.

3. The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention: Habeas Appointment, along with a copy of the § 2241 petition.

4. Respondent's answer/response to the § 2241 petition is due no later than 7 days from the date of this order. Petitioner's reply is due 7 days after being served with the answer. If the parties agree on a different briefing schedule, they may submit a joint proposed order to the court based on their stipulation.

5. In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, Respondent shall not transfer petitioner to another detention center outside of this judicial district,

[1] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

pending further order of the court. See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action"). This order does not prohibit the temporary transfer of Petitioner outside of the District for urgent medical care, though Petitioner shall be returned to the District upon the conclusion of such care. As soon as practicable, Respondent shall notify the Court of any such medical transfer.

6. In the event Petitioner obtains an immigration bond and it is paid resulting in release, Petitioner shall inform the court as expeditiously as possible in order to conserve its limited judicial resources. For the same reason, Respondent shall inform the court as expeditiously as possible in the event a travel document is obtained for Petitioner that will result in Petitioner's imminent removal from this country. Either party shall update the court by filing a Notice of Changed Circumstances that informs the court of the particular circumstances that have changed.

DATED: September 28, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE