UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALEJANDRO ZAMBRANO-LIZARDI (A#240-325-226),<br><br>Petitioner,<br><br>v.<br><br>WARDEN CENTRAL VALLEY ANNEX DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-07614-DAD-SCR<br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

## I. Factual and Procedural History

Petitioner is a native and citizen of Venezuela who entered the United States on or about June 20, 2022. ECF No. 8 at 11. He was placed in removal proceedings based on Section 212(a)(6)(A)(i) of the Immigration and Nationality Act for being present without being admitted or paroled. He was released by immigration officials on June 20, 2022 and required to participate in the Alternatives to Detention program as a condition of his parole. ECF No. 8 at 11. He subsequently applied for and received Temporary Protected Status ("TPS"), though immigration authorities terminated his TPS on April 2, 2025. Id. He has no criminal history and is not subject

to an administratively final order of removal.

On August 27, 2026, Immigration and Customs Enforcement ("ICE") arrested Petitioner when he reported for a pre-scheduled immigration check-in. ECF No. 8 at 11, 15 (Administrative Arrest Warrant). Respondent contends that Petitioner was lawfully detained because he was "in violation of the Alternatives to Detention Program for traveling outside the state of Georgia permission" [sic]. ECF No. 8 at 11. However, Respondent did not submit any evidence to the Court documenting any ATD violation. Nor did ICE provide Petitioner with notice and ability to contest the purported violation at the time it arrested him. On the date of his arrest, Petitioner was served with a Notice of Custody Determination on which he checked the box indicating that he requested a bond hearing before an immigration judge. ECF No. 8 at 18. However, Petitioner refused to sign the form. Id. According to Respondent, as a result of this lack of signature, no bond hearing has been scheduled for Petitioner to date. ECF No. 8 at 2. His next immigration court hearing is not scheduled until November 27, 2026. ECF No. 8 at 21.

In his § 2241 application, Petitioner alleges that his redetention after years of being at liberty in the community violates procedural due process.[1] By way of an answer, Respondent takes the position that habeas relief is not warranted because "Petitioner can and should motion the immigration court for a bond hearing if he desires a bond hearing" pursuant to 8 U.S.C. § 1226(a). ECF No. 8 at 3. In a traverse, Petitioner disputes the allegation that he violated any condition of the ATD program and points out that there is no documentation provided of "the date or destination of the travel, the rule or written instruction said to have been violated, any notice of violation issued to Petitioner, or any step ICE took between the travel and the arrest." ECF No. 10-1 at 3. Therefore, Petitioner's verified § 2241 describing an August 7, 2026 trip to South Carolina to visit his seven-year-old son in which he checked in with ICE and then returned to Georgia on the same day that ICE instructed him to do so is the only evidence before the Court concerning the purported ATD violation. ECF No. 1 at 11, ¶ 4, 12, ¶¶ 25-27. Even so, Petitioner contends that the Court need not resolve the question of whether Petitioner violated any condition

[1] In the interests of judicial economy, the remaining claims are not addressed herein.

of his ATD supervision because "the dispositive issue is what process the Constitution required before the Government chose detention as a consequence." ECF No. 10-1 at 3.

**II. Applicable Detention Statute**

"When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). If a noncitizen wishes to contest the Attorney General's initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an IJ "any time before an order [of removal] becomes final." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). After such a custody redetermination hearing before an IJ, "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. § 1003.19(e)).

**III. Analysis**

Although the parties agree that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and entitled to a custody redetermination hearing before an immigration judge, that does not resolve the issue in this case. Petitioner challenges his redetention by ICE without affording him any pre-deprivation hearing. Considering the facts of this case and consistent with the Court's reasoning and rulings in substantively identical cases, the undersigned finds that petitioner's Fifth Amendment right to procedural due process was violated by his re-detention without a pre-deprivation hearing. See Guaura v. Warden, 26-cv-01124-DAD-AC (HC), 2026 WL 895694 (E.D Cal. Apr. 1, 2026) (applying Cajina v. Wofford, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), to grant petition and order immediate release on habeas petitioner's procedural due process claim); Lopez v. Albarran, No. 1:25-CV-01890-DAD-SCR (HC), 2025 WL 3691082 (E.D. Cal. Dec. 19, 2025) (same outcome as to a request for a temporary restraining order, relying on Perez v. Albarran, No. 1:25-CV-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025)); Ramos v. Warden, California City Corr. Ctr., No.

26-CV-01026-DAD-JDP, 2026 WL 836368, at *2 (E.D. Cal. Mar. 26, 2026) ("[T]he appropriate remedy is petitioner's immediate release where, as here, respondents have failed to provide authority for petitioner's detention.").

Regarding the appropriate remedy, the undersigned observes that Judge Drozd has found post-deprivation remedies appropriate in cases with particularized flight risks that "urgently require arrest" and where a pre-deprivation hearing "would have been impracticable and/or would have motivated [petitioner's] flight." O.A.C.S. v. Wofford, No. 1:25-cv-1652 DAD CSK (HC), 2025 WL 3485221, at *4 (E.D. Cal. Dec. 4, 2025) (quoting Martinez Hernandez v. Andrews, No. 1:25-cv-1035 JLT HBK, 2025 WL 2495767, at *11–12 (E.D. Cal. Aug. 28, 2025)). Here, in light of Petitioner's unrebutted description of innocent travel to South Carolina, there is no basis to conclude that he is a flight risk that would justify the lack of pre-deprivation notice and hearing. This is especially true given the fact that the parties agree that Petitioner voluntarily appeared to ICE as instructed, at which point ICE detained him. Therefore, the undersigned recommends granting the § 2241 application and ordering Petitioner's immediate release.

Accordingly, IT IS HEREBY ORDERED that Petitioner's emergency motion for expedited consideration (ECF No. 3) is granted.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on claim one based on a procedural due process violation.

2. Respondent be ordered to immediately release Petitioner WILLIAM ALEJANDRO ZAMBRANO-LIZARDI (A#240-325-226) from their custody.

3. At the time of release, Respondent be required to return all of Petitioner's documents and possessions.

4. The Clerk is directed to serve the Central Valley Annex with any order for release.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. Any final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 19, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE